May it please the Court, Patrick Long, representing Oral Swaby, and I'd like to reserve three minutes of my time for rebuttal. You may. We're here today, Your Honors, on an issue that the Supreme Court has already decided. It's already decided the issue multiple times. So many times, in fact, that Justice Kagan, in her Mathis decision, went on for several pages citing the Supreme Court's previous precedence on this issue, leading up to a conclusion of, A good rule of thumb for reading our decisions is that what they say and what they mean are one and the same. But the government continues to try to misinterpret the categorical approach to say, Well, the Supreme Court didn't really mean what they said they meant the last time. This is what the Supreme Court really meant. And they're doing that today by cobbling together a few misleading quotes from Rhode Island cases that are sort of relevant to the offense that Mr. Swaby was convicted of. But none of the decisions that they cite from Rhode Island are actually on point on the key issue here. The issue is whether the government has to prove, the state government in prosecuting this case, has to prove beyond a reasonable doubt that the substance Mr. Swaby had was marijuana or it was just a Schedule I or Schedule II substance. The statute under which he was convicted only says Schedule I or Schedule II. It imposes the same penalty for any substance within that class. None of the cases that the government cites even address what would happen if the defendant alleges it's a different substance than the prosecution. I thought the government cited a Rhode Island appellate decision reflecting an instruction under the statute we're talking about where the jury is specifically told that they have got to make a finding beyond a reasonable doubt that the substance charged is indeed the substance that was involved in the transaction, indicating that the substance alleged in the charging document is an element of the offense. You say, if my memory is correct, that there is such a cite and such a case. Why is that not highly relevant to the applicability of a modified categorical approach, which is one of the arguments that the government makes? Your Honor, that would be the Charbonneau case, the one that comes closest. And I want to thank you for bringing that up because that's where I was about to go. Charbonneau, the issue on appeal was not the accuracy of that jury instruction. It was simply whether the jury instruction that was given was close enough to the one that the defendant requested. And the court held that it was. So the prosecution didn't argue in that case that it could prove a different substance. So that issue was not addressed on appeal. It was simply a question of whether the instruction the defendant got was close enough to the one he wanted. So what if the prosecution in that case submitted an instruction, proposed an instruction, that would require the jury to find that the substance charged was the substance involved in the transaction? Why would that fact alone not be indicative that this is their understanding of Rhode Island law? Well, Your Honor, that may be their understanding of Rhode Island law, and they also may not have a wish to contest that because they do have prosecutorial discretion. And if this particular prosecutor would rather not prosecute other substances than the one they charged, then they have the discretion to do that. Do you know about the State v. Feng? I don't believe I do. 421-812-58 because there, as I read it, they seem to also treat the... The State v. Feng, he summarized the charges, quote, knowledge and intent to possess a controlled substance, unquote. And then the court says, this is the State Supreme Court, reference to a controlled substance does not by itself set out the elements of the offense of possession of the particular controlled substance, LSD. That case seems to me to do it. You can follow up with a 28-day letter. But I guess the larger question I have is, if Rhode Island law is clear that the actual drug in question has to be proved, in other words, it's an element of the offense, do you lose then or can you win even if that's true? At least as to termination of proceedings, I would say that we lose then. There is an equal protection issue as well in that the immigration judge applied... In assessing the equities in the case, he took into account Mr. Swabe's promiscuity, the fact that he has multiple children by multiple women. And there's not any case law suggesting that that's an acceptable basis to consider in deciding whether... I guess my question is, if I read the BIA's decision, they did, it seems to me, the wrong analysis for realistic possibility for the reasons that you say, because they were focused on enforcement rather than application of the statute. But if that doesn't matter because it is a divisible crime, but in fact your client was convicted of a divisible crime, are you saying we don't need to remand even though it wouldn't be on the same theory as the BIA itself adopted? Because there's nothing for the BIA to do at that point other than just... If it is in fact a divisible statute, then it would be clear that it was marijuana in this case. So there's no need to remand even though the BIA didn't rely on that particular theory in coming to the conclusion it reached? There would be no way to remand on this issue. So on this equal protection argument, which you of course describe as an issue of law, you think that would give us jurisdiction to review that discretionary determination of the BIA?  Yes, Your Honor. And Your Honor, again, is what you articulated again, please? He's creating a... He's discriminating on the class where there's no rational basis for this discrimination. And in fact there may be issues with even more strongly protected classes, although I didn't get into that in the brief, but certain nationalities, certain races, there may be a disparate impact in terms of who's more likely to have children by multiple different mothers and who's more likely to be penalized by the court for that. Don't you still end up with a problem that's a purely discretionary decision? Well, not where there's an equal protection issue. Well, how are you developing that equal protection argument? It's sort of amorphous. There's nothing in the decision which would indicate the kind of bias that you think you might be able to spin. Well, the judge clearly considers... All the facts of the case. This is an equitable decision where you make an equitable decision. And I think what you're saying, you're arguing to us now is that because he came from Jamaica that inherently in this there had to be some sort of bias. But there's no evidence of that bias in the judge's decision. Well, I would say that... We're supposed to infer it, I gather. Yes, Your Honor, I would say that including that factor in analyzing the equities in the first place is evidence of that bias. Because it's not a proper factor... Why would it be evidence of bias if the judge said, as I think they did happen here, that he said that he was taking care of these children. There was no particular evidence that he was taking care of the children other than his statement. There was no hard and fast evidence which would lead one to believe that that was true. Is that to some extent, again, a credibility finding? There's a credibility finding as to whether he's taking care of the children, although I would dispute that characterization. Because there is evidence that the mother of one of the children and potentially the mother of the second one were not able to take care of them and that Mr. Swaby would be forced to take care of them. But there was no evidence that he was, in fact, doing it. Wasn't that true also? Well, at the time of the decision, yes, because he'd been in jail. But your legal protection argument isn't, as you bring to us on appeal, a nationality argument. It's the consideration of the relationship to the children. And that is the primary argument on that. That's just never a permissible consideration in doing this because you could imagine why it might be of some relevance in trying to determine the judgment that they're making here. His relationship to the children is a reasonable thing to consider, but placing this emphasis on the number of children and the number of different mothers they have isn't really the impermissible factor. Isn't the agency trying to make an assessment of the relationship to the children by the available facts, and one fact that it says might be probative of that question is the fact that there are multiple children with multiple mothers? I mean, does it per se that just never can be even mentioned in doing the analysis of what the relationship to the children is? I wouldn't say it can never be mentioned, but I'd say that it's not the number of mothers that's relevant in making that assessment. It's the father's role in their lives. But there wasn't much evidence of the role in their lives. So when you're looking at it from a cold record, there's not much that supports your position, it seems to me. Well, that may be the case, but that doesn't make it permissible to read in. Well, you're basically saying to us that if you come from Jamaica and you have multiple children with multiple mothers, that that is never a permissible factor to take into consideration in making the determination that on the equities you deserve to stay? No, I wouldn't call that a permissible factor in making that decision. So what would you call it, then? I would call it an impermissible factor. The Board of Immigration Appeals has laid out what the equities are that can appropriately be considered. Well, then to answer my question is you can't consider it. It's not a factor that you can consider. Correct, Your Honor. Okay, thank you. Got it. Good morning. Jessica Burns on behalf of the Respondent, Attorney General Loretta Lynch. There are three ways in which the court can resolve Mr. Sleavy's removability, all of which lead to the conclusion that he is removable for an offense related to a controlled substance. First, the court can find that the Board's decision in matter ferrera is reasonable under the circumstances presented in this case, and Mr. Sleavy's conviction is categorically a controlled substance offense. Even if the court were to find that that... Matter ferrera is the realistic probability? Yes, Your Honor. How could we conclude that that was correct? So as the Supreme Court held in Duenes-Elrez, which is what matter ferrera is based on, it's not a decision that the Board came up with out of whole cloth. It is based in Supreme Court precedent. The Supreme Court explained that to show that a sea crime is overbroad, there must be a realistic probability, not a theoretical probability, that the state would apply the statute to conduct that doesn't fit the federal definition. There's no doubt it applies to it. Well, in this case, when you look at the substance, it's part of the Rhode Island schedule and not the federal schedule. It's phenylfentanyl. Phenylfentanyl was added to the Federal Controlled Substance Act in 1985, and it fell off in 1986. And the reason why is because the DEA concluded it had no addiction-informing qualities, and it was essentially an inactive compound. And in 1989, Rhode Island added it to its schedule of controlled substances. So there's no question that it applies? Well, there's in the 27 years that it's been on the books of Rhode Island, Rhode Island hasn't prosecuted it. There's no cases that either myself or Petitioner has not prosecuted. I thought the case you read said the question is whether it would apply. You're not talking about whether it would enforce it. When has the Supreme Court ever said that the way we're supposed to evaluate whether something is a criminal offense is whether it would be enforced, as opposed to whether just on its face it's a crime to do it? I think that the Board's analysis, in part, takes the Supreme Court's decision one step further. But in this case, there hasn't been any situation where phenethentanol was ever prosecuted by the state, and that's essentially because it's an inactive compound that Rhode Island never got around to taking off their schedule of controlled substances. And for a state to be able to defeat congressional intent that controlled substances should be removable offenses, make an ad in obscure, antiquated substance to their list, and essentially defeat congressional intent for serious controlled substance offenses. However, the court does not even need to reach the issue, and you can go directly to the modified categorical approach in this case. And in this case, I think that it's clear that in Rhode Island, a jury must find beyond a reasonable doubt the nature of the substance in question. When you look at state case law, for example, state v. Mendez, which we cite in our 28-J letter filed earlier this week, the court explained that jury instructions for possession of a controlled offense include that the state must show the substance in question, that the defendant possessed the substance in question. And I think that answers the divisibility question here, that it is a divisible offense because a jury must find the substance in question. Also, if you look at Sherbino, which we talked about earlier, again, the jury instructions in that case also instructed the jury to find beyond a reasonable doubt that the controlled substance in question was the one specified in the indictment. And here, the indictment makes clear that Mr. Sweeney's conviction involved marijuana. And we have a plea here? A plea, yes, Your Honor. And in the plea, it also identifies... Are there moral jury instructions for this? There are not in Rhode Island. However, in Malthus, the Supreme Court discussed the difficulty of sometimes finding some of the instructive state court documents, and the Supreme Court explained that where the charging documents or conviction records use one alternative term, in this case marijuana, to the exclusion of all other terms, whether it just be any Schedule I controlled substance offense or any other particular offense, it indicates that this is an element of the crime and not a means of committing the crime. What you're saying is that there are state cases in which in those state cases there was a jury instruction as to the offense, but those state cases do not themselves hold that there must be. Is that correct? Correct, Your Honor. Do you know about State v. Fang? I'm not familiar with that case, and I apologize. This is a follow-up to a question that Judge Barron asked me. As I recall, the BIA decision doesn't say a word about the modified categorical approach. Isn't that correct? That's right. It's all this reason and probability test. Now you're urging us as an alternative ground to apply the modified categorical approach. I thought maybe I'm confusing some doctrines here, but in this sort of like an administrative law context we're somewhat frowned upon for us to sort of take the approach. If there's another legal argument by which we can affirm the decision, we can do that even though the administrative agency never relied upon that. Well, I think in this case we're not running upon the type of Chenery violation that often comes up in these immigration cases for two reasons. First, the immigration judge did apply the modified categorical approach when she decided Mr. Swayde's motion to terminate proceedings. The immigration judge decided that based on desk camps. Now Mathis had not come out at the time of the immigration judge's decision or the board's decision, so neither the immigration judge or board had the benefit of Mathis and the means versus elements approach. Second, whether or not a crime is a removable offense under the categorical approach or a modified categorical approach is a purely legal question which the court does not grant any deference to the board. And there's no fact-finding for the board to engage in. It's rather the interpretation of state law. And so you don't run against any of the Chenery violations in allowing the board to apply it in the first instance because even if the board had, the court owes no deference to the board's interpretation. So the immigration judge below concluded that it was divisible and that it was convicted of the marijuana offense. Yes, Your Honor. And the only thing it didn't do was do the analysis of whether it was right to conclude that it was divisible because it hadn't done the means versus elements distinction that Mathis... Yes, Your Honor. The immigration judge relied on desk camps and said that there were alternative means or alternative manners in which you can be convicted under this. Alternative elements, but a different understanding of elements pre-Mathis than how we understand the term elements to mean post-Mathis. But did find it to be a divisible statute. And I think that even Petitioner does not challenge that. I mean, the record is clear under the modified categorical approach that marijuana was the... Just on the Chenery point, I guess your view, which Petitioner doesn't seem to dispute, that there's no indication that the BIA's error, if there was error in that for error, as it seems to me there was, if there was error, there's no indication that now having been apprised of that error, it would reach any different conclusion than the one that would follow from just applying Mathis. Correct, Your Honor. And I think, again, that's based on the fact that it's a purely legal question that this court would review de novo. Turning lastly to his application for cancellation of removal, I think that it's fairly clear from his arguments that he is really disputing the fact-finding and discretionary weighing of the factors, but not raising a colorable question of law. There is absolutely no evidence that the integration judgment, race-based, nationality-based, or any other class-based decision in this case, it was entirely relevant in assessing the various hardships and positive and negative equities that the fact that he has five children and that these children have different mothers and he wasn't returning to a house with all five children that he was going to be supporting, is certainly a relevant inquiry in assessing the equities. I would assume that in order to even reach this, the immigration judge would have to consider all of the circumstances. One of the circumstances were that he had children by five separate mothers, and he would, I assume, he or she would take a look at how he had interfaced with those children, and that's evidence that he would have to bring forward. And so it becomes really a credibility issue. If it's a pure credibility issue with no evidence of taint, we don't have any child protection. Correct, Your Honor. The panel doesn't have any other questions. I'm happy to cede my time. To accept petitioner's arguments in this case would essentially nullify any controlled substance offense in the state of Rhode Island from having any immigration consequences, which is clearly not what Congress intended, so the Court should find that this was a controlled substance offense and deny the petition for review. Thank you very much. May it please the Court. In Malooly, the Supreme Court was looking at a very similar controlled substance statute, where, again, it was clear what the substance was, and the Court held that it was not acceptable to apply a modified categorical approach to that Kansas statute. And as to counsel's earlier scenario about nullifying the federal drug laws, if states attempted to do that, then the federal government is free to enforce its own laws, so that's really not an issue of concern. And if the states do want to, I mean, that, you could make the same argument to any other crime where the state elements don't match the federal elements. So, for example, a state which had an assault and battery statute that is currently a crime of violence could alter its statute to the Massachusetts version to nullify the effect of that and avoid imposing immigration consequences on someone convicted of that. That is possible, and that's simply something that states can do. And in our federal system, there's no way to stop them from doing that. The solution is for the federal government to apply its own laws if it wants them to be applied. And one last thing I want to raise is that there is a, it's not referred to as a rule of lenity, but something very similar to the criminal rule of lenity in immigration cases, cited in Moncrief and a long line of cases going back to the 1950s, that where there is ambiguity in the law, it needs to be applied in favor of the immigrant. And I cede the rest of my time unless the Court has questions. Thank you.